UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 1:20-CR-171

v.

HON. ROBERT J. JONKER

KEEGAN HINTON,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**GRANTING DEFENSE MOTION FOR CONTINUATION OF BOND**

    The Grand Jury indicted defendant Keegan Hinton and her boyfriend, defendant Corey Evans, on a controlled substance conspiracy and multiple instances of actual distribution.[1] Defendant Keegan tendered a guilty plea before the Magistrate Judge to the drug conspiracy charge under a Plea Agreement. ECF Nos. 33, 37-38. The Magistrate Judge filed a Report and Recommendation that this Court accept the guilty plea. ECF No. 40. The Court reviewed the record of the plea colloquy and noted that the potential for mandatory remand under 18 U.S.C. § 3143(a)(2) did not come up even though the offense of conviction would normally trigger those provisions. The Court therefore invited the parties to brief whether the mandatory remand should apply in this

---

[1] Defendant Evans was on supervised release for an earlier federal conviction, and the conduct charged in the new case also formed the basis for several allegations of violations of his supervised release conditions in the earlier case. He has since pleaded guilty under a Plea Agreement in this case and is awaiting sentencing. ECF Nos. 34-36, 39, 43. The Plea Agreement references potential consequences for his pending supervision issues, which will be handled separately in that case. ECF No. 34, at PageID.66.

case. ECF Nos. 44, 47. Defendant Keegan filed a Motion for Bond Continuation. ECF No. 45. The government opposes continuation of bond and supports mandatory remand. ECF No. 48.

The parties agree on quite a bit. In particular, the parties agree that the conviction in this case is a mandatory remand offense under Section 3143(a)(2), and that the limited exceptions built into that provision do not apply. They also agree that defendant Keegan may nevertheless be relieved of mandatory remand under Section 3145(c) if she convinces the Court by clear and convincing evidence that she is not a flight risk or danger to the community, and demonstrates "exceptional reasons" why detention would be inappropriate. Finally, the government agrees that the defense has shown by clear and convincing evidence that defendant Keegan is not a flight risk or danger to the community. The only issue on which the parties disagree is whether there are "exceptional reasons" within the meaning of Section 3145(c).

There is not a great deal of case law on what amounts to "exceptional reasons." And most of what there is finds a lack of such reasons. In particular, going to school, working productively, complying with bond conditions and having a limited role in the underlying offense have all been found NOT to amount to "exceptional reasons." *See United States v. Christman,* 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010) (collecting cases). This Court has itself repeatedly rejected requests for continued release on the basis of factors such as these, and expects to continue doing so unless and until the law changes. But on the present record, the Court does believe there is a combination of factors that add up to an exceptional case warranting continuation of defendant Keegan's bond status.

First, this Court normally conducts its own Rule 11 colloquys. In every case that might trigger mandatory remand for a defendant on bond, this Court covers the issue personally with the defendant during the colloquy to ensure no misunderstanding. The Court typically raises the issue

early in the colloquy so that if the defendant or defendant's counsel is not prepared for the remand, the matter can be re-scheduled to a time when the defendant is prepared for the remand (assuming he or she still wants to plead guilty). In this case, the Magistrate Judge did not directly discuss the matter with defendant Keegan. She did, however, ask the parties about the bond status at the end of the hearing, and the government indicated at the time it saw no need for a change in terms. It was not clear from the record of the hearing if this meant only until such time as the Court officially accepted the tendered plea, or all the way to sentencing. But the opportunity for misunderstanding is obvious. Moreover, the Court can ensure going forward that similar potentials for misunderstanding are avoided so that this will remain an exceptional situation.

Second, the Covid-19 pandemic continues to create unique risks for all citizens, whether in the community or in custody. That simple risk of exposure, standing alone, would not ordinarily warrant an exception in the Court's view. But there is more than that in the present case. Defendant herself does not appear to be at particularly elevated personal risk, but her mother, who has lung cancer, certainly is. In fact, the Probation Officer reports that Defendant's mother passed away just a few days ago, on April 9, 2021. The record is unrebutted that defendant Keegan was the primary person who tended to her mother's special needs, and the Probation Officer confirms that Defendant's mother was a very important person in her life. Her mother's passing means the immediate medical caretaking will no longer be needed, but obviously the passing creates a whole new range of challenges for Defendant. The Probation Officer opines that Defendant has responded appropriately, maintained sobriety, and asked the Probation Officer to arrange added mental health counseling sessions. The Probation Officer is concerned that remand at this unusually fragile time would interfere with Defendant's progress. It would also prevent Defendant from dealing with

Covid-related complications for her mother's funeral arrangements. These considerations are unlikely to recur in the same way in future cases.

Third, even though the government is not prepared to recommend a non-custodial sentence, which would have opened the door to a remand exception under Section 3143(a)(2)(A)(ii), the record already discloses reasons to believe that the defendant's guideline range will be comparatively low for a federal drug conspiracy—perhaps even low enough for the defense to make a good faith argument for a non-custodial sentence, or one involving some form of community confinement rather than prison. Of course, it's too early to tell any of that for sure. But the Court notes the apparent absence of any criminal history; likely qualification for the statutory and guideline safety valve; and circumstances that might permit a good faith argument that defendant Keegan was significantly less culpable than her co-defendant. Of course, the record also discloses other factors that potentially cut in the other direction. Final decisions will have to await the Final PSR, the parties' briefing, allocution and the Court's weighing of all relevant sentencing factors. Sentencing is now only a little over a month away, and defendant has been on bond continuously for the past five months. These considerations, standing alone, would not be enough to amount to "exceptional reasons," but in combination with the other factors, they help meet the burden.

Accordingly, based on this combination of factors, and the government's agreement that defendant is not a flight risk or danger to the community, the Court is satisfied that there are "exceptional reasons" that are unlikely to recur in other cases and that warrant an exception to mandatory remand for defendant Hinton. Accordingly, **IT IS ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 40, is approved and adopted as the opinion of the court.

2. Defendant Hinton's plea of guilty is accepted and she is adjudicated guilty of the charge set forth in Count 1 of the Indictment.

3. The written Plea Agreement, ECF No. 34, is continued under advisement pending sentencing.

4. For the reasons articulated in this Order, the Court grants defendant Hinton's Motion, ECF No. 45, for continuation of bond pending sentencing.  Of course, she must continue to comply with all her bond conditions or face the risk of revocation. In addition, she should be fully prepared for remand at the sentencing hearing, if the Court decides to impose a custodial sentence.

Date:   April 12, 2021                           /s/ Robert J. Jonker
                                                                      ROBERT J. JONKER
                                                                       CHIEF UNITED STATES DISTRICT JUDGE